```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| PAUL MASLOW,<br><br>            Plaintiff,<br><br>     v.<br><br>CITY OF ATLANTIC CITY and JOHN MOONEY,<br><br>            Defendants. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 08-3618<br>        (JEI/AMD)<br><br>**OPINION** |

**APPEARANCES:**

O'BRIEN, BELLAND & BUSHINSKY, LLC
By:  Mark E. Belland and Jeffrey Robert Caccese
1526 Haddonfield-Berlin Road
Cherry Hill, NJ 08003
         Counsel for Plaintiff

DECOTIIS, FITZPATRICK, COLE & WISLER, LLP
By:  Steven C. Mannion
Glenpointe Centre West
500 Frank W. Burr Boulevard
Suite 31
Teaneck, NJ 07666
         Counsel for Defendant City of Atlantic City

LEVINE STALLER SKLAR CHAN BROWN & DONNELLY PA
By:  David John Azotea
3030 Atlantic Avenue
Atlantic City, NJ 08401
         Counsel for Defendant John Mooney

**IRENAS**, Senior District Judge:

    This matter comes before the Court on the First Motion for Judgment as a Matter of Law of the Defendant City of Atlantic City ("Atlantic City").  For the reasons set forth below, the

Motion will be granted in part and denied in part.[1]

## I.

Plaintiff Paul Maslow has been a police officer with Atlantic City since 1988. (City of Atlantic City's Statement of Undisputed Material Facts ¶ 2) Plaintiff was injured while on duty in 2006. (*Id.* at 3) Plaintiff was put on sick leave, and remained out of work until May 2007. (*Id.* at 4) Upon returning to work, Plaintiff was assigned to the Charlie Platoon, which works from midnight until eight a.m. (*Id.* at 8)

Plaintiff had trouble adjusting to the new schedule. (*Id.* at 12) He began with the Charlie Platoon on May 10, 2007, and called in sick on May 13, 2007 because he was tired. (*Id.* at 11) Plaintiff met with a private psychiatrist. (*Id.* at 13) The psychiatrist provided Plaintiff a note that said Plaintiff was "not able to work." (*Id.*)

Despite his psychiatric problems, Plaintiff attended a Police Benevolent Association meeting on May 30, 2007. (*Id.* at 15) There, he ran into Lt. James Pasquale and told him that he was missing work because of stress. (*Id.*) Upon hearing this news, Lt. Pasquale advised Plaintiff that the police department would be revoking his duty weapon. (*Id.* at 16)

Defendant Mooney, the chief of the Atlantic City Police Department, was also at that meeting. (*Id.* at 17) Lt. Pasquale

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367(a).

and Defendant Mooney spoke about the Plaintiff's issues. (*Id.*) Defendant Mooney advised Pasquale that he should ask Plaintiff for his personal fire arm and his firearms purchaser identification card. (*Id.*) Defendant Mooney further advised Pasquale that if Plaintiff did not voluntarily relinquish his firearm and identification card, then appropriate legal actions would be taken. (*Id.* at 18)

After the meeting, a sergeant with the police department approached Plaintiff and requested his duty weapon. (*Id.* at 23) The sergeant also requested Plaintiff's personal weapon, but Plaintiff would not relinquish that weapon. (*Id.* at 24) On June 1, 2007, Defendant Mooney spoke with an attorney in the office of the City Solicitor of Atlantic City about the situation. (*Id.* at 28) The attorney advised Defendant Mooney that the police department could not force Plaintiff to relinquish his weapon. (*Id.* at 30). The attorney further advised Defendant that the county prosecutor was empowered to file an action in superior court to seize Plaintiff's weapon. (*Id.*)

Defendant Mooney arranged for the city solicitor's office to call Plaintiff's attorney and discuss the possibility of Plaintiff relinquishing his weapon in order to avoid a legal action against Plaintiff. (*Id.* at 35) Plaintiff's attorney asked for a copy of the policy pursuant to which the police department was requesting his weapon, and the city solicitor's office advised the attorney that there was no such written policy. (*Id.*

at 36)  Plaintiff's attorney finally agreed that Plaintiff would surrender his weapon if he received "something in writing."  (*Id.* at 38)

Defendant Mooney then issued a written order compelling Plaintiff to surrender his weapon.  (*Id.* at 41) Following receipt of this order, Plaintiff surrendered his personal weapons.  (*Id.* at 46) Plaintiff made no effort to have his personal firearms returned until the commencement of the present action.  (*Id.* at 55)

Plaintiff filed his Complaint in this Court on July 18, 2008.  Count I of the Complaint, brought against both Defendants, alleges discrimination and harassment based on a perceived disability in violation of the New Jersey Law Against Discrimination.  Count II of the Complaint, brought under 42 U.S.C. § 1983, alleges violations of the Second Amendment and Fourteenth Amendment of the United States Constitution by both Defendants.  Counts III and IV of the Complaint also allege violations of the Fourteenth Amendment and Second Amendment.[2]

Presently before the Court is Atlantic City's First Motion for Judgment as a Matter of Law, filed on February 22, 2011.

---

[2] The only distinction between Counts III and IV and Count II is that Count II is brought under § 1983 while Count III and IV are brought directly under the United States Constitution. Section 1983 creates a statutory right of action for violations of the United States Constitution.  Therefore, all of these claims will considered together and treated as if brought under § 1983.

## II.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). In deciding a motion for summary judgment, the Court must construe the facts and inferences in a light most favorable to the non-moving party. *Pollock v. Am. Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). "'With respect to an issue on which the non-moving party bears the burden of proof, the burden on the moving party may be discharged by 'showing'– that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case.'" *Conoshenti v. Public Serv. Elec. & Gas*, 364 F.3d 135, 145-46 (3d Cir. 2004) (quoting *Celotex*, 477 U.S. at 323). The role of the Court is not "to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

## III.

Atlantic City moves for summary judgment on all of Plaintiff's claims against it. The Court will first analyze Plaintiff's claims under § 1983, and then Plaintiff's state law claims.

**A.**

Counts II, III and IV are claims that Atlantic City violated Plaintiff's Second Amendment right to bear arms and Fourteenth Amendment due process rights.

In *Monell v. Dep't of Soc. Servs.*, the Supreme Court held that a municipality cannot be liable under § 1983 under the principle of respondeat superior. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 695 (1978). Instead, a municipality can only be held liable under § 1983 "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury...." *Id.*

The Third Circuit has held that there are three instances when such liability is possible:

> First, the municipality will be liable if its employee acted pursuant to a formal government policy or a standard operating procedure long accepted within the government entity, *Jett v. Dallas Independent School District*, 491 U.S. 701, 737 (1989); second, liability will attach when the individual has policy making authority rendering his or her behavior an act of official government policy, *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986); third, the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate, rendering such behavior official for liability purposes, *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988).

*McGreevy v. Stroup*, 413 F.3d 359, 367 (3d Cir. 2005).

Plaintiff argues that it was Atlantic City's formal government policy to confiscate the weapons of police officers

without due process. The only evidence in support of this argument, though, is Defendant Mooney's testimony. Defendant Mooney testified that such a policy existed, but he was not aware of the source of the policy or any instances in which the policy was applied.

For purposes of *Monell*, a government policy is an official proclamation, policy or edict issued by a decision maker with final authority as to the policy and a custom. *Andrews v. Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)  A government custom is a practice of state officials that is so "permanent and well settled" as to "virtually constitute law."  *Id.*(internal quotations omitted).

Even when taken in the light most favorable to Plaintiff, Defendant Mooney's testimony does not show that Atlantic City ever issued a proclamation, policy or edict that the weapons of police officers should be confiscated without due process, or that Atlantic City had a permanent and well settled custom to that effect.

Because Plaintiff has not presented any evidence of a policy or custom of Atlantic City to confiscate weapons without due process, then summary judgment will be granted in favor of Atlantic City on Counts II, III and IV.

**B.**

Atlantic City argues that this Court should exercise its discretion to decline supplemental jurisdiction over Plaintiff's

state law claims against it.[3]  In actions in which a district court has original jurisdiction, 42 U.S.C. § 1367(a) grants the court supplemental jurisdiction over related claims that are part of the same case and controversy.  While the federal claims against Atlantic City will be dismissed hereby, the federal claims against Defendant Mooney remain.  Since the state law claims against Atlantic City and the federal claims against Defendant Mooney arise out of a common nucleus of operative fact, this Court will properly exercise supplemental jurisdiction over the state law claims.  Accordingly, Atlantic City's Motion as to Count I will be denied.

**IV.**

For the reasons set forth above, the Court will deny Atlantic City's Motion for Judgment as a Matter of Law as to the state law claims set forth in Count I, and the Court will grant the Motion as to the federal claims set forth in Counts II, III and IV.  An appropriate Order accompanies this Opinion.

Dated: June 30, 2011

                                              s/ Joseph E. Irenas
                                        **JOSEPH E. IRENAS, S.U.S.D.J.**

---

[3] Because Defendant Atlantic City did not assert substantive grounds for summary judgment on Plaintiff's state law claims, the Court makes no holding on the merits of those claims.